UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM PADDOCK,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>C.L. "BUTCH" OTTER, Governor of the State of Idaho, LAWRENCE WASDEN, Attorney General of Idaho, and IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>　　　　　　　Defendants. | Case No. 1:17-cv-00032-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS (DKT. 6)** |

Pending before the Court is Defendants' Motion to Dismiss all federal claims asserted in pro se Plaintiff Kim Paddock's Complaint pursuant to the Eleventh Amendment and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Dkt. 6.) The motion is ripe for the Court's consideration. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 13.) In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motion will be decided on the record and without oral argument. Dist.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 1**

Idaho. L. Rule 7.1(d). As discussed more fully below, the Court will grant Defendants' motion and will dismiss Paddock's Complaint.

## FACTUAL BACKGROUND[1]

On July 15, 2011, a search warrant related to allegations of food stamp fraud was executed on Paddock's residence in Wilder, Idaho, where certain records and documents were seized as evidence by police officers and the Internal Investigation Unit of the Idaho Department of Health and Welfare (IDHW). The items seized included: 2 boxes of copyright materials; Paddock's personal computer which contained "confidential documents, diary notes and information concerning a pending federal action against the Wilder School District;" settlement documents related to her sister's death; and other personal documents.[2]

In the Fall of 2011, Paddock made several requests to have the seized items in the possession of IDHW returned to her. The requests included an Idaho Public Records Act (IPRA) request, for the return of the documents. All requests were denied, however, as the investigation into the alleged food stamp fraud was ongoing. Paddock requested also to personally inspect the items seized. This request was denied for the same reason—the investigation was still active.

---

[1] For the purposes of Defendants' motion to dismiss, this background section accepts as true the allegations raised in Paddock's Complaint. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The Court must consider any disputed material facts in the light most favorable to Paddock, the nonmoving party.

[2] These included her children's birth certificates, vaccination records, documents containing her family's social security numbers, family photographs, a vehicle title, and her grandmother's will.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 2**

On July 13, 2016, the IDHW scheduled a meeting with Paddock at its Nampa office. When Paddock arrived, she was taken into a small office where two IDHW employees were waiting. Inside the room on the floor were boxes of the items seized from Paddock's residence in 2011. According to Paddock, the IDHW employees attempted to force her to agree to certain terms in exchange for return of the seized items. Specifically, she alleges they asked her not to apply for food stamps for one year and to confirm that all of the items seized were in the box, and thus, none missing. Paddock did not agree to these terms.

The IDHW employees returned the seized items to Paddock that day, nonetheless. When Paddock arrived home after the meeting, she discovered "legal documents concerning the death of [her] sister including non-disclosure settlement agreements with pharmaceutical companies" were not among the items in the box.

## PROCEDURAL BACKGROUND

On January 23, 2017, Paddock filed a Complaint against Governor Otter and Attorney General Wasden in their official capacities, and against the Idaho Department of Health and Welfare, alleging the following:

1. Violation of Plaintiff's Fourth Amendment right to her property and unlawful publication of private documents pursuant to 42 U.S.C. § 1983;

2. Violation of 42 U.S.C. § 1985 for conspiring to deprive her of "equal protection or equal privileges or immunities…;"

3. Violation of 18 U.S.C. § 1519 for the destruction of records in a public investigation;

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 3**

4. Violation of 17 U.S.C. § 510 related to the seizure of her copyrighted items;

5. Idaho Code § 74-105 (formerly Idaho Code § 9-340) violates the Fourth Amendment of the United States Constitution; and

6. State law claims of theft, collusion, and "attempted blackmail."

Paddock seeks declaratory relief recognizing that "an actual controversy exists between her and Defendants," injunctive relief because she faces "possible Court action from the drug companies for publication of her non-disclosure agreements" that allegedly are missing from the items seized in 2011, and monetary damages for pain and suffering. On March 1, 2017, Defendants filed the instant motion to dismiss Paddock's federal claims.

## STANDARD OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in the pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 4**

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

## DISCUSSION

Defendants seek dismissal of Paddock's federal claims on the grounds they are barred by the Eleventh Amendment of the United States Constitution, or alternatively, subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, the Court will dismiss Paddock's federal claims. In addition, and as explained further below, the Court will decline to exercise supplemental jurisdiction over the state law claims, and thus, will dismiss them without prejudice.

### I. Claims barred by the Eleventh Amendment

Defendants contend the Eleventh Amendment to the United States Constitution bars recovery of monetary damages, and alternatively, they argue that Defendants Wasden and Otter are not proper Defendants under the Eleventh Amendment. Paddock raises two arguments in opposition. First, she contends the State of Idaho waived its sovereign immunity under the Rehabilitation Act by accepting federal funds. Second, she alleges the Eleventh Amendment does not shield Defendants from liability on her alleged

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 5**

claims for declaratory and injunctive relief because those claims are protected (exempted from Eleventh Amendment immunity) by the *Ex Parte Young* doctrine. The Court will discuss waiver of sovereign immunity, the application of the *Ex Parte Young* doctrine, and whether Defendants Wasden and Otter are proper defendants pursuant to the Eleventh Amendment separately below.

### A. No Waiver of Sovereign Immunity

"The Eleventh Amendment creates a jurisdictional bar to private damages actions against states in federal court." *Leer v. Murphy,* 844 F.2d 628, 631 (9th Cir. 1988). Eleventh Amendment immunity extends to state agencies and state actors acting in their official capacities, and therefore, cases against them are also barred. *Id.* Although not without exception, a state may waive its sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 663 (1974). "Unless the state unequivocally waives sovereign immunity or Congress exercises its power under section five of the fourteenth amendment to override the immunity, the state, its agencies, and its officials-acting in their official capacity-are immune from suit under the eleventh amendment." *Hurst v. Univ. of Washington*, 931 F.2d 60 (9th Cir. 1991).

The State of Idaho has not waived its sovereign immunity for any of the federal constitutional violations alleged against it by Paddock. Her argument of waiver in exchange for acceptance of federal funds is misplaced. Plaintiff makes no claims under the Rehabilitation Act. A state's acceptance of federal funding for certain programs does not constitute a blanket waiver of immunity from suit from any constitutional and federal claim alleged against it. Accordingly, the Court finds that the State has not waived

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 6**

sovereign immunity as to any of the federal claims asserted against it in the Complaint. As such, the claims against the IDHW are barred by the Eleventh Amendment and subject to dismissal.

### B. *Ex Parte Young* Doctrine

"In *Ex Parte Young,* the U.S. Supreme Court created an exception to Eleventh Amendment immunity when a private litigant sues a state official for the purpose of enjoining the enforcement of an unconstitutional state statute." *Richardson v. Idaho Dep't of Health & Welfare*, No. 2:10-CV-00648-BLW, 2012 WL 667874, at *2 (D. Idaho Feb. 10, 2012) (citing *Ex parte Young,* 209 U.S. 123, 155–56, (1908). "Under the *Ex parte Young* legal fiction, *when an official* of a state agency *is sued in his official capacity for prospective equitable relief,* he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court." *Id.* (italics in original).

The Supreme Court explained: "[t]he *Young* doctrine recognizes that if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct; the State cannot cloak the officer in its sovereign immunity." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997). The *Ex Parte Young* doctrine, however, is not without limitations. *Id.* "A federal court cannot award retrospective relief, designed to remedy past violations of federal law." *Id.*

Here, because Paddock's federal claims asserted under 42 U.S.C. § 1983, 42 U.S.C. § 1985; 18 U.S.C. § 1519, and 17 U.S.C. § 510, each seek *retrospective* relief, these claims are not saved by the *Ex Parte Young* doctrine, even though Paddock seeks

declaratory and injunctive relief and not monetary damages.[3] However, Paddock's claim that alleges the IPRA is unconstitutional does seek *prospective* relief. As such, this claim is not barred by the Eleventh Amendment.

### C. Defendants Wasden and Otter are not Proper Defendants

"A plaintiff, however, is not free to randomly select a state official to sue in order to challenge an allegedly unconstitutional statute. Instead, the individual state official sued "must have some connection with the enforcement of the act." *Idaho Bldg. & Const. Trades Council, AFL-CIO v. Wasden*, 32 F. Supp. 3d 1143, 1148 (D. Idaho 2014) (citing *Ex Parte Young*, 209 U.S. at 157). This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged legal provision will not subject an official to suit. *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). "If a challenged statute is not of the type to give rise to enforcement proceedings, a state official nonetheless may be named as a defendant under *Ex parte Young* if he has responsibility to 'give effect' to the law." *Idaho Bldg.*, 32 F. Supp. 3d at 1148 (citing *Eu*, 979 F.2d at 704).

The IPRA contains a private, civil enforcement provision for persons filing an action against the public agency for allegedly withholding public record(s) in Idaho district court. *See* I.C. §74-115 ("The sole remedy for a person aggrieved by the denial of a request for disclosure is to institute proceedings in the district court…."). With regard to Defendants Wasden and Otter, however, there is nothing in the IPRA that permits or

---

[3] In her response to Defendants' motion to dismiss, Paddock indicated the following: "Since Paddock's action is for the benefit of the people and not about financial gain Paddock is willing to dismiss monetary claims in this action." (Dkt. 12 at 2.)

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 8**

requires them to investigate, prosecute, or enforce civil penalties, or any other provision that otherwise would provide the Defendants "some connection with enforcement of the act." *Idaho Bldg.,* 32 F. Supp. 3d at 1148. Accordingly, Paddock's claim challenging the unconstitutionality of the IPRA will be dismissed as to Defendants Wasden and Otter.

## II. Failure to State a Claim Challenging the Unconstitutionality of Idaho Code § 74-105

Paddock alleges the IPRA violates the Fourth Amendment to the United States Constitution, because it violates a person's right to privacy when seized documents become public record. Here, however, the documents seized from her residence did not become public records and thus, could not have been accessed via a public records request. Even Paddock herself was unable to obtain the seized documents via a public records request, because they were "investigatory records of a law enforcement agency." *See* I.C. § 74-105. For these reasons, the Court finds Paddock's claim that the IPRA violates the Fourth Amendment fails. Accordingly, the Court will grant Defendants' motion to dismiss this claim. And, because this claim cannot be saved by amendment, [4] the Court will not allow Paddock leave to amend this claim.

## III. State law claims against Defendants

Paddock asserts in her Complaint state claw claims for theft, collusion, and "attempted blackmail" against the Defendants. Defendants failed to address these claims in their motion to dismiss. However, because no federal claims remain in this litigation,

---

[4] Paddock does not challenge the validity of the search warrant in this action. However, if she did, such claim alleged pursuant to Section 1983 would be barred by the two-year statute of limitations as the warrant was issued and executed in 2011.

**MEMORANDUM DECISION AND ORDER RE: MOTION TO DISMISS - 9**

the Court must determine whether it will exercise supplemental jurisdiction of these state law claims. For the following reasons, it will not.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to decide whether to decline, or exercise, supplemental jurisdiction over the remaining state law claims. "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

In this case, the dismissal of Paddock's federal claims in this action triggers the Court's analysis under 28 U.S.C. 1367(c)(3) to determine whether it should exercise jurisdiction over Paddock's remaining state claims. The Court notes this case is in the preliminary stages of litigation. The Idaho state court, which does not appear to be any less convenient to the parties, is in a better position to handle the remaining state law claims. Accordingly, the Court declines to exercise its supplemental jurisdiction and thus, will dismiss Paddock's state law claims without prejudice so that she may re-file, if she chooses, in state court.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss (Dkt. 6) is **GRANTED**;

2) Paddock's state law claims are **DISMISSED without prejudice**; and

3) The Clerk of the Court is directed to close this case.

Dated: **June 15, 2017**

Honorable Candy W. Dale
United States Magistrate Judge